UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GLENN GARRITY, SR. & DEBORAH GARRITY )<br>    **Plaintiffs** )<br>)<br>v. )<br>)<br>)<br>CENTURY FINANCIAL SERVICES, INC. d/b/a )<br>CENTURY HEALTHCARE COLLECTIONS )<br>    **Defendants** )<br>) | CIVIL ACTION<br><br>COMPLAINT<br><br>JURY TRIAL CLAIMED<br><br>DECEMBER 23, 2010 |

## COMPLAINT

1. Plaintiff Glenn Garrity, Sr. is a natural person residing in Suffield, CT.

2. Plaintiff Deborah Garrity. is a natural person residing in Suffield, CT and is the wife of Plaintiff Glenn Garrity, Sr.

3. The defendant, Century Financial Services, Inc. d/b/a Century Healthcare Collections ("Century"), is a corporation located in Connecticut that provides accounts receivable management services to CT hospitals and also provides traditional "bad debt" collection services and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1367 and 1337, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over Century because it engages in debt collection activities within Connecticut.

6. Venue in this Court is proper, as the Plaintiffs are residents of Connecticut and the acts complained of occurred in this state.

7. Plaintiff Glen Garrity Sr. owed a debt (the "Debt") related to medical services that was assigned to Century for collection purposes.

8. Plaintiffs hired an attorney for the purposes of filing for bankruptcy, and the Debt was to be included in their proposed bankruptcy filing.

9. In early 2010, Century started repeatedly calling Plaintiffs' home in an attempt to collect the Debt.

10. On or around February 23, 2010, Plaintiffs' attorney's office called and spoke with a Century representative regarding Plaintiffs' bankruptcy; during that conversation, Century was apprised of Plaintiffs' bankruptcy and was provided with the name, phone number, and address of Plaintiffs' attorney, and it was requested that all further communications not be directed to Plaintiffs but to their attorney.

11. Century repeatedly telephoned Plaintiffs' home in an attempt to collect the Debt after that conversation.

12. Plaintiffs disconnected their home telephone on account of Century's incessant calls; Plaintiffs were experiencing serious financial and health related issues at the time, and Century's continued calls to their home cause Plaintiffs considerable emotional distress.

13. Century is liable to Plaintiffs under the Fair Debt Collection Practices Act, the Connecticut Creditors Collection Practices Act, the Connecticut Unfair Trade Practices Act, and for Intentional Infliction of Emotional Distress.

PLAINTIFFS, GLENN GARRITY, SR. & DEBORAH GARRITY

By: _____
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408; Fax. (860) 571-7457